```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


JACOB AND RACHEL THOMAS                              PLAINTIFFS

VS.                         CIVIL ACTION NO. 3:25-CV-818-TSL-RPM

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY; SDII GLOBAL, LLC;
VERNON MOORE, P.E.; AND
JOHN DOES 1-10                                       DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Jacob and Rachel Thomas, pursuant to 28 U.S.C. § 1447(c), to remand this case to the Circuit Court of Madison County, Mississippi.  Defendant Allstate Vehicle and Property Insurance Company (Allstate) opposes the motion, and the court, having considered the parties' memoranda of authorities along with the complaint, concludes that the motion should be denied.

Proceedings

Plaintiffs commenced this action in the Circuit Court of Madison County alleging that Allstate, their homeowner's insurer, wrongfully denied their claim for structural damage to their home caused by a burst pipe in the master bathroom.  In addition to suing Allstate, plaintiffs named as defendants Sdii Global,[1] a forensic consulting company hired by Allstate to

---

[1]     While the style of the complaint denominates Sdii Global as an LLC, the text of the complaint alleges that this defendant is

1

determine the cause of the claimed structural damage, and Vernon Moore, the engineer hired by Sdii to evaluate the claimed damage.  Plaintiffs are Mississippi citizens.  Allstate is an Illinois corporation, Sdii is alleged to be a Delaware corporation with its principal place of business in Florida, and Moore, like plaintiffs, is a citizen of Mississippi.

Allstate timely removed the case on the basis of diversity jurisdiction, alleging the amount in controversy exceeds $75,000 and that although Moore is a citizen of Mississippi, he has been improperly joined as a defendant and therefore, his citizenship should be disregarded for purposes of determining the existence of diversity of citizenship.[2]

In their motion to remand, plaintiffs do not dispute Allstate's assertion that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction; but they maintain that Moore is properly joined as a defendant, that complete diversity is thus lacking and that the case must therefore be remanded.

Improper Joinder

---

a Delaware corporation.
[2]   See 28 U.S.C. § 1332 (stating that district courts have original jurisdiction over a civil action where complete diversity exists and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs).  Defendant alleged in the notice of removal that it is facially apparent that the amount in controversy exceeds $75,000.  Plaintiffs do not challenge this assertion.

Where a plaintiff has improperly joined a non-diverse defendant, "the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016) (en banc). As the removing party, the burden is on Allstate to prove improper joinder by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)). Under the second prong, which is at issue here, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical." Travis, 326 F.3d

3

at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

To determine whether there is a reasonable basis of recovery, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573.  The negative corollary of this statement is that if a plaintiff's claims against a non-diverse defendant cannot survive a Rule 12(b)(6) analysis, a finding of improper joinder will follow. Martinez v. Overnight Parts Alliance, LLC, Civ. Action No. 3:20-CV-541-TSL-RPM, 2020 WL 5983889, at *3 (S.D. Miss. Oct. 8, 2020) (citing Druker v. Fortis Health, Civ. Action No. 5:06-cv-00052, 2007 WL 38322, *7 (S.D. Tex. Jan. 4, 2007)).

When deciding whether a nondiverse defendant has been improperly joined because the plaintiff has failed to state a claim against him, the court applies the federal pleading standard applicable under Rule 12(b)(6), not the state pleading standard, as contended by plaintiffs.  Under the federal standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To state a claim, it is not enough to allege facts that are merely consistent with a finding that the defendant violated the law; rather the complaint must allege enough facts to move beyond mere possibility to plausibility of plaintiff's entitlement to relief against the defendant. Twombly, 550 U.S. 557. "To raise a right to relief, the complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain a recovery.'" Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009) (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" and does not provide factual allegations sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). See Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 219

(5th Cir. 2012) (stating that a complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient to state a claim).

The Complaint

In their complaint, plaintiffs allege that their home sustained damage in February 2024 when a pipe burst in the master bathroom. According to plaintiffs, as a result of the burst pipe, the home sustained not only interior water damage, which Allstate agreed was covered, but also water intrusion under the concrete foundation, which impacted both the land stability and structural integrity of the home. Plaintiffs' engineer, whom they retained to investigate and determine the cause of the land instability and foundation issues, prepared a report, which was provided to Allstate, in which he opined that the foundation settlement at the home's northwest corner, near the master bedroom and bathroom, was likely caused by the burst pipe and resulting water leak under the bathtub.

Plaintiffs allege that Allstate initially denied coverage for the foundation issues based on an inapplicable exclusion in the policy. When their attorney challenged Allstate's denial on this basis, Allstate then took the position that it needed to obtain its own engineering report to determine whether the damage to the home's structural integrity was covered.

To this end, Allstate hired defendant Sdii Global, which in turn retained defendant Moore, a civil/structural engineer, to conduct an inspection and provide a report on the cause of the claimed structural damage and land instability.  Following his investigation, Moore issued a report setting out his conclusion that "'[t]he differential foundation movement around the master bathroom tub can be partially attributed to the shrink-swell behavior of the shallow soils that has been exacerbated by soil moisture content changes due to the reported plumbing leak.'"

The complaint alleges that Moore "intentionally and willfully ignored multiple tell-tale signs that the 'plumbing leak' resulted in structural damage to the Insured Premises" and that his "omissions were done wrongfully to assist Allstate in denying their claim."  They further charge that Allstate relied on Moore's report to continue to deny their claim, despite having actual and/or constructive knowledge that the report contained false or incomplete facts.

Based on these allegations, plaintiffs have asserted various claims against Allstate, including breach of contract, bad faith, negligence/gross negligence, and negligent and/or intentional infliction of emotional distress.  As to Moore, plaintiffs have undertaken to plead causes of action for negligence, gross negligence, and negligent and/or intentional

7

infliction of emotional distress based on the following alleged acts of negligence:

> a. failing to exercise due care while investigating the Thomas Family's claims;
>
> b. failing to properly investigate the facts contained in his engineering report;
>
> c. failing to verify the facts in his engineering report;
>
> d. failing to rely on accurate facts while completing his engineering report;
>
> e. misrepresenting and/or misstating facts relevant to the Thomas Family's claim in his engineering report
>
> f. failing to properly evaluate the Thomas Family's claim in his engineering report.

The complaint seeks to hold Sdii liable under a vicarious liability theory.

### Analysis

Under Mississippi law,

> an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection [to] its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured.

Gallagher Bassett Servs. v. Jeffcoat, 887 So. 2d 777, 784 (Miss. 2004). The Fifth Circuit has held that an outside engineer hired to assess damage claimed by an insured "qualifies as a 'similar entity' who may be found liable for his work on [an]

8

insurance claim only if his conduct amounts to gross negligence, malice, or reckless disregard for the [insureds'] rights." Aiken v. Rimkus Consulting Group Inc., 333 Fed. Appx. 806, 810, 2009 WL 1456568, at *3 (5th Cir. 2009).  Thus, an outside engineer, like an adjuster, has a duty "to investigate all relevant information" and "make a realistic evaluation of a claim," and can be held individually liable where his conduct rises to the level of gross negligence, malice or reckless disregard.  See Mooney v. Shelter Mutual Ins. Co., Civ. Action No. 2:17-CV-204-KS-MTP, 2018 WL 9963837, at *2 (S.D. Miss. Mar. 12, 2018) (quoting Bass v. California Life Ins. Co., 581 So. 2d 1087, 1090 (Miss. 1991)).

 Having carefully reviewed the plaintiffs' complaint, the court finds that it contains no non-conclusory factual allegations to support their claim of gross negligence, or that are even arguably suggestive of gross negligence, malice or reckless disregard.  To reiterate, to satisfy the federal pleading standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. at 678.  Plaintiff's complaint does not satisfy this standard.

 Their allegations that Moore "fail[ed] to exercise due care while investigating," "fail[ed] to exercise properly evaluate"

9

plaintiffs' claim, failed "to properly investigate" or "verify" the facts contained in his report, and "fail[ed] to rely on accurate facts while completing his engineering report" are unsupported by any factual detail.  They do not identify any facts which were not investigated or allege how Moore's investigation was grossly deficient or reckless or what a proper investigation would have shown.  Even if these allegations were arguably sufficient to state a claim for simple negligence, it is clear there are no facts alleged to show that Moore's actions amounted to gross negligence, malice or reckless distress.[3]

---

[3]  This case is thus distinguishable from cases in which allegations have been found sufficient to state a claim for gross negligence. See, e.g., Forest Tire & Auto, LLC v. Catlin Specialty Ins. Co., No. 3:20-CV-72-DPJ-FKB, 2020 WL 5079164, at *3 (S.D. Miss. Aug. 27, 2020) (finding claims stated against adjuster, consulting firm and engineer based on allegations that adjuster hired consulting firm with reputation for identifying bases for denying coverage; that consulting firm hired engineer known to have frequently discovered "preexisting conditions/ damage (or either identifies non-covered wear and tear or long-term creep) at the sites he inspects on behalf of [consulting firm]"; and that engineer conducted a sham investigation, failing to account for eye-witness accounts of localized storm damage and using wind-speed data from outside the affected geographic area); Mooney v. Shelter Mutual Ins. Co., Civ. Action No. 2:17-CV-204-KS-MTP, 2018 WL 9963837, at *2 (S.D. Miss. Mar. 12, 2018) (finding plaintiff stated a claim for gross negligence where she alleged that the "engineering report included many deliberate inaccuracies, which she enumerates in her Complaint."); Smith v. Rimkus Consulting Group, Inc., Civ. Action No. 1:06cv515-LTS-RHW, 2006 WL 2620636, at *3 (S.D. Miss. Sept. 12, 2006) (finding claim was stated against defendant engineers based on allegations that they "intentionally and maliciously altered Ken Overstreet's engineering report to falsely indicate storm surge was the cause of loss, when in fact Ken Overstreet found and opined that wind was the cause of loss

10

The same is true of plaintiffs' charge that Moore ignored "tell-tale" signs that the plumbing leak caused the foundation issues and that he omitted this information from his report to assist Allstate in denying their claim.  There are no factual allegations as to what these purported "tell-tale" signs may have been, and certainly no facts that would support an inference that his alleged disregard of such "tell-tale" signs amounted to gross negligence, malice or reckless disregard. Plaintiffs further charge that Moore "misrepresent[ed] and/or misstat[ed] facts" in his report, like his other allegations, are entirely conclusory.

In addition to their putative claim against Moore for gross negligence, plaintiffs have asserted claims against him for negligent and intentional infliction of emotional distress.  As a matter of law, Moore cannot be held liable for negligent infliction of emotional distress.  And the claim for intentional infliction of emotional distress fails for the same reason their gross negligence claim fails, namely, that they have failed to plead *facts* that would support this claim.

The court does not suggest that plaintiffs were required to plead in detail every aspect of Moore's investigation that they contend was deficient.  To state a claim against Moore, however,

---

and structural damage to your Plaintiffs' home" stated a claim against engineers).

11

they were required to plead some facts which demonstrate or support an inference that he was grossly negligent, or acted with malice and/or reckless disregard in investigating and reporting the cause of plaintiffs' claimed loss.[4]  This they have failed to do.[5]

Therefore, based on the foregoing, it is ordered that plaintiffs' motion to remand is denied and defendant Moore is

---

[4]    Plaintiffs argued in the initial brief that Moore "intentionally ignored and/or undermined the evidence cited" in plaintiffs' engineer's report *and* that he did so for the sole purpose of colluding with Allstate to support the predetermined denial of their claim.  In their rebuttal brief, they argue that Moore's purported finding that "the water loss caused the home's foundation to move yet did not contribute to the collateral effects of foundation movement, e.g., cracks in the structure," "defies logic," and they thus submit that the "only explanation for this conclusion" is that Moore, before even visiting the home, had decided to support Allstate's predetermined decision to deny the claim.  Clearly, however, the fact that plaintiffs' expert and Moore have differing opinions does not support the inferences advocated by plaintiffs.

[5]    In their reply brief, plaintiffs argue that Moore's report reveals a lack of genuine investigation or professional integrity in the following ways:  (1) despite noting that various sealants had been applied to the home, indicative of prior repair efforts, he failed to investigate to determine when they were applied; and (2) he failed to investigate to determine the age of the cracks in the brick veneer and sheetrock.  As these allegations do not appear in the complaint, they are not to be considered by the court in determining whether a claim has been stated against Moore.  See Turner v. GoAuto Ins. Co., 33 F.4th 214, 217 (5th Cir. 2022) (holding that "a motion to remand is evaluated on the basis of claims in the state court complaint as it exists at the time of removal.") t(cleaned up).  In any event, in the court's opinion, these allegations, without more, would support no more than a claim of simple negligence, not gross negligence, as required to state a viable claim against Moore.

dismissed. It is further ordered that, in accordance with the court's text order entered November 21, 2025, plaintiffs' response to Allstate's pending motion to dismiss certain claims shall be due within fourteen days of entry of this opinion and order.

SO ORDERED this the 7th day of January, 2026.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE