UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACOB and RACHEL THOMAS                                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:25-cv-818-TSL-MTP

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY; SDII
GLOBAL, LLC; VERNON MOORE, P.E.;
and JOHN and JANE DOES 1-10                                DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Allstate Vehicle and Property Insurance Company (Allstate), filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the counts of plaintiffs' first amended complaint for extracontractual damages, which includes their claims for bad faith (Count II), negligence and gross negligence (Count III), tortious breach of contract (V), breach of the duty of good faith and fair dealing (VI), and negligent and intentional infliction of emotional distress (VII). Plaintiffs Jacob and Rachel Thomas have responded to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be granted.

<u>The Complaint</u>

Plaintiffs have brought this action alleging that Allstate, their homeowner's insurer, wrongfully denied their claim for structural damage to their home that they claim was caused when a burst water pipe in the master bedroom caused an intrusion of water

1

under the home's foundation which in turn caused a loss of land stability and resulting foundation/structural damage to the home, i.e., "shifting of the home and cracks in the exterior and interior walls."  According to the complaint,[1] Allstate initially denied coverage based on Exclusion A.5. in plaintiffs' policy, which states:

Losses We Do Not Cover Under Coverages A and B

A. Under Dwelling Protection–Coverage A and Other Structures Protection–Coverage B of this policy, we do not cover any loss which consists of, is caused by, or would not have occurred but for, one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of: a) the cause or source of the excluded event, peril or condition; b) any other causes contributing concurrently or in any sequence with the excluded event, peril or condition to produce the loss; or c) whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

5. Earth movement of any type, including, but not limited to, earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth.  This exclusion applies whether or not the earth movement is combined with water.

Plaintiffs allege this exclusion is inapplicable and that Allstate's reliance on it "was wholly unjustified," as the policy contains a separate provision, "Section I Additional Protections," that by its clear terms extends coverage for a loss of land stability resulting from a sudden and accidental direct physical

---

[1]    References herein to "the complaint" are intended to refer to the amended complaint, as that is the operative complaint.

loss, stating:

> If a sudden and accidental direct physical loss results in both a covered loss to the dwelling, other than the breakage of glass or safety glazing material, and a loss of land stability, we will pay up to $10,000 as an additional amount of insurance for repair costs associated with the land.  This includes the costs required to replace, rebuild, stabilize or otherwise restore the land necessary to support the part of the dwelling sustaining the covered loss.
>
> The Section I, Losses We Do Not Cover Under Coverages A and B reference to earth movement does not apply to the loss of land stability provided under this additional protection.

When plaintiffs, through a representative, challenged Allstate's reliance on Exclusion A.5., Allstate's adjuster responded via e-mail that "[t]here is no coverage for the foundation settlement even though it was a result of the water loss."

Plaintiffs allege it was apparent from this e-mail that Allstate had already determined the foundation issues were directly related to the burst water pipe, which, plaintiffs allege, "means coverage for the foundation was triggered under Section I Additional Protections. ... Yet Allstate continued to intentionally deny coverage and policy benefits owed to the Thomas Family for the foundation."

In response to Allstate's e-mail, plaintiffs hired an engineer to evaluate the cause of the claimed foundation damage.  Their engineer issued a report, which plaintiffs provided to Allstate, in which he concluded that, as plaintiffs had been claiming, the damage was caused by the burst water pipe.  Still, in the face of

3

this information, Allstate informed plaintiffs via e-mail from its adjuster that "[Allstate's] stance regarding the foundation movement is still the same.  Regardless of the cause of the earth movement the policy excludes this damage."  Plaintiffs allege that "Allstate knowingly took [this] 'stance' despite its knowledge that there was in fact coverage for the foundation under Section I Additional Protections." (cleaned up).

At that point, plaintiffs hired legal counsel, who wrote to Allstate, insisting the Section I Additional Protections provided coverage for the foundation damage.  Still, "Allstate refused to acknowledge that the Policy provided coverage for the foundation movement," and instead, "reversed course and attempted to retreat from [its] previous admission that the cause of the foundation movement was the burst water pipe, i.e., a covered loss," (cleaned up) by claiming it would have to send out an engineer to inspect the premises.  As characterized by plaintiffs, Allstate's engineer concluded that the burst pipe partially contributed to the claimed foundation movement "yet did not contribute to the collateral effects of foundation movement, e.g., cracks in the structure." Plaintiffs allege that this conclusion "defies engineering logic," and that "Allstate had actual knowledge and/or constructive knowledge that so-called facts in [the engineer's] the report were false and/or incomplete [and yet] used said report in wrongfully continuing to deny the Thomas Family's valid, covered claim...."

4

Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to [] (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).

Applicable Law

As is clear from plaintiffs' complaint and confirmed by their response to Allstate's motion, plaintiffs' claims relating to Allstate's alleged wrongful denial of the request for coverage for the foundation damage to their home allegedly caused by the burst

water pipe are all based on their position that the loss is covered under the "Section I Additional Protection" for "loss of land stability" resulting from a "sudden and accidental direct physical loss."  This includes their claims for bad faith (Count II), negligence and gross negligence (Count III), tortious breach of contract (Count V), breach of the covenant of good faith and fair dealing (Count VI), and negligent and intentional infliction of emotional distress (Count VII), as well as their claims in Counts I and IV for payment of policy benefits and for breach of contract, respectively, to the extent these two counts seek payment of policy benefits for foundation damage and/or claim breach of contract for failure to provide coverage for the foundation damage.

This diversity action is governed by Mississippi substantive law.  Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008).  Under Mississippi law, a contract of insurance, like any other contract, must be interpreted according to its terms.  Foreman v. Continental Cas. Co., 770 F.2d 487, 489 (5th Cir. 1985).  The interpretation of an insurance policy is a question of law for the court when the meaning of the terms is clear and unambiguous.  Aero Int'l, Inc. v. United States Fire Ins. Co., 713 F.2d 1106, 1109 (5th Cir. 1983).  "[U]nambiguous provisions in an insurance policy be interpreted 'exactly as written.'"  Burroughs Diesel, Inc. v. Travelers Indem. Co. of Am., 817 Fed. Appx. 2, 4 (5th Cir. 2020) (citing George v. Miss. Farm Bureau Mut. Ins. Co., 250 Miss. 847, 168 So. 2d 530, 531 (1964)).

"No rule of construction requires or permits the court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear."  Aero Int'l, 713 F.2d at 489.

Analysis

Here, plaintiffs' reading of Section I Additional Protections to cover their claimed foundation damage is, in a word, unfounded. By clear and unambiguous language, this provision distinguishes between "a covered loss to the dwelling" and "a loss of land stability" and only provides coverage of up to $10,000 "for repair costs associated with *the land*," including costs required "to replace, rebuild, stabilize or otherwise restore *the land* necessary to support the part of the dwelling sustaining the covered loss." (emphasis added).  Plaintiffs do not allege that they made a claim for, or that Allstate denied a claim for damages associated with the land.  Rather, plaintiffs allege only that they sought coverage for foundation damage *to the dwelling* caused by the land instability resulting from the water intrusion from the burst pipe. The foundation damage falls squarely within Exclusion A.5., and it is not covered by the Section I Additional Protection provision. Thus, not only do plaintiffs have no viable claim for extracontractual damages for Allstate's denial of coverage for their claimed foundation damage, they also have no viable breach of

7

contract claim for such damage.[2]  Accordingly, defendants' motion will be granted.[3]

Conclusion

Based on the foregoing, it is ordered that defendants' motion to dismiss Counts II, III, V, VI and VII is granted.  It is further ordered that Counts II and IV are dismissed to the extent those counts seek policy benefits for foundation damage to plaintiffs' home resulting from the burst pipe.

SO ORDERED this 12th day of May, 2026.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[2]    While Allstate has moved for dismissal only of the claims for extracontractual damages, the court may sua sponte order dismissal for failure to state a claim so long as the procedure is fair. Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.").  The procedure here is fair, as all plaintiffs' claims, including their claims for policy benefits for their foundation damage, are all grounded on the same premise regarding coverage.

[3]    Because it is unclear whether plaintiffs' claims for breach of contract and payment of policy benefits seek recovery for other types of damages associated with the burst water pipe, the court does not dismiss the complaint in its entirety at this time.